UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RICHARD J. ROBERSON,            )
                                ) No. CV-05-3066-CI
          Plaintiff,            )
                                ) ORDER GRANTING MOTION TO
v.                              ) SUPPLEMENT, DENYING
                                ) PLAINTIFF'S MOTION FOR SUMMARY
JO ANNE B. BARNHART,            ) JUDGMENT, GRANTING DEFENDANT'S
Commissioner of Social          ) MOTION FOR SUMMARY JUDGMENT,
Security,                       ) AND DIRECTING ENTRY OF
                                ) JUDGMENT FOR DEFENDANT
          Defendant.            )
_____)

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 20), submitted for disposition without oral argument on February 27, 2006. Also before the court is Plaintiff's Motion to Supplement the record. (Ct. Rec. 15.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff, 48-years-old at the time of the administrative hearing, completed the tenth grade and had past work experience as

ORDER GRANTING MOTION TO SUPPLEMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 1

a forklift operator and laborer.  He filed a second[1] application for Supplemental Security Income (SSI) benefits on May 16, 2002, alleging disability as of May 16, 2002, due to back and neck injury and pain, bipolar disorder and depression.  (Tr. at 19.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Ruperta M. Alexis (ALJ).  In December 2004, the ALJ denied benefits; review was denied by the Appeals Council.  This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and suffered from severe impairments, including chronic low back pain, substance addiction, and bipolar disorder, pancreatitis,[2] and hepatitis C, but those impairments did not meet the Listings.  (Tr. at 26.)  Plaintiff's testimony was not found fully credible.  Not considering the substance abuse, the ALJ further concluded Plaintiff suffers from severe chronic low back pain, bipolar disorder, pancreatitis, and hepatitis C.  (Tr. at 23.)

[1]Plaintiff previously filed an application for benefits on September 18, 2000.  (Tr. at 18.)  He appealed the denial of benefits to the hearing level, but withdrew his request for a hearing.  The ALJ did not reopen that prior application and there has been no challenge to that finding.  Thus, the date at issue is post May 16, 2002. (Tr. at 20.)

[2]There are lab results dated January 2004 that did not support a diagnosis of pancreatitis; instead the reports reflected Plaintiff was suffering from H. Pylori bacteria.  (Tr. at 304.)

ORDER GRANTING MOTION TO SUPPLEMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 2

Mentally and without consideration of substance addiction, the ALJ concluded Plaintiff had moderate limitations in activities of daily living, social functioning, concentration, persistence and pace and no episodes of decompensation.    The ALJ found he had a residual capacity for light work that involved detailed but not complex tasks without close interaction with the general public.    (Tr. at 26.) The ALJ concluded Plaintiff could perform his past relevant work as a forklift operator and, therefore, was not disabled.    (Tr. at 30.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when she (1) improperly rejected probative medical evidence and failed to include limitations in assessing residual functional capacity; and (2) failed to outline the demands of Plaintiff's past work as a forklift driver.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility,

ORDER GRANTING MOTION TO SUPPLEMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

1   resolving conflicts in medical testimony, and resolving
2   ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
    Cir. 1995).  The ALJ's determinations of law are reviewed
3   *de novo*, although deference is owed to a reasonable
    construction of the applicable statutes. *McNatt v. Apfel*,
4   201 F.3d 1084, 1087 (9th Cir. 2000).

5                        **SEQUENTIAL PROCESS**

6       Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

7   requirements necessary to establish disability:

8           Under the Social Security Act, individuals who are
        "under a disability" are eligible to receive benefits. 42
9       U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
        medically determinable physical or mental impairment"
10      which prevents one from engaging "in any substantial
        gainful activity" and is expected to result in death or
11      last "for a continuous period of not less than 12 months."
        42 U.S.C. § 423(d)(1)(A). Such an impairment must result
12      from "anatomical, physiological, or psychological
        abnormalities which are demonstrable by medically
13      acceptable clinical and laboratory diagnostic techniques."
        42 U.S.C. § 423(d)(3). The Act also provides that a
14      claimant will be eligible for benefits only if his
        impairments "are of such severity that he is not only
15      unable to do his previous work but cannot, considering his
        age, education and work experience, engage in any other
16      kind of substantial gainful work which exists in the
        national economy . . . " 42 U.S.C. § 423(d)(2)(A).  Thus,
17      the definition of disability consists of both medical and
        vocational components.

18
            In evaluating whether a claimant suffers from a
19      disability, an ALJ must apply a five-step sequential
        inquiry addressing both components of the definition,
20      until a question is answered affirmatively or negatively
        in such a way that an ultimate determination can be made.
21      20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
        claimant bears the burden of proving that [s]he is
22      disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
        1999).  This requires the presentation of "complete and
23      detailed objective medical reports of h[is] condition from
        licensed medical professionals." *Id.* (citing 20 C.F.R. §§
24      404.1512(a)-(b), 404.1513(d)).

25                    **MOTION TO SUPPLEMENT RECORD**

26      Plaintiff moves to supplement the administrative record with a

27  Mental Residual Functional Capacity Assessment completed in October

28
    ORDER GRANTING MOTION TO SUPPLEMENT, DENYING PLAINTIFF'S MOTION FOR
    SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
    AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 4

2000 by a DDS physician.  Plaintiff contends the ALJ specifically relied on this report in her analysis of the current application, but it was not included in the administrative record.  (Tr. at 25.) Defendant objected in the response to the Motion to Supplement, but withdrew its objection in its brief in support of Summary Judgment. (Ct. Rec. 21 at 16.)

In her opinion, the ALJ noted "[i]n reviewing the medical evidence, I may occasionally refer to items from the prior file. These references are only to provide background and are not intended to reopen the prior application.  The reconsideration determination in the prior decision remains that final decision of the Commissioner on that application."  (Tr. at 20.)  Later in her opinion, the ALJ noted:

> In determining the claimant's mental functioning I have considered the statement of the State Agency from the prior application as the current application did not have any analysis due to the claimant's failure to cooperate. I have also considered the fact that there is no evidence of any significant change in the claimant's mental capacity from 2001, when the claimant was able to perform substantial gainful activity.

(Tr. at 25.)  Thus, specific reference was made to the DDS physician's RFC from the prior application; to the extent such evidence is relevant to this court's review of the ALJ's opinion, the report is properly before the court.  Plaintiff's unopposed Motion to Supplement (Ct. Rec. 15) is **GRANTED.**

**ANALYSIS**

1.  <u>Treating and Examining Physicians</u>

Plaintiff contends the ALJ improperly rejected the opinions of Drs. Birdlebough, Avery, and Smith.  Dr. Birdlebough evaluated

Plaintiff and based on his diagnoses, assigned a global assessment of functioning score of 45, indicative of serious limitations. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995). Plaintiff contends that assessment is consistent with other medical evidence. Physically, Plaintiff contends examining doctors diagnosed low back pain, acute and chronic. (Tr. at 144, 150, 198-199.) Finally, Plaintiff contends the ALJ did not consider the traumatic damage to his left arm and hand following the stabbing incident in June 2002 and the fatigue that was secondary to the hepatitis C diagnosis. (Tr. at 258, 342.) Defendant responds the ALJ based her determination of his RFC on the complete medical record and properly included the physical and mental limitations supported by the record.

In her opinion, the ALJ concluded Plaintiff, separate from the effects of drug and alcohol abuse, would be moderately limited in his activities of daily living, moderately limited in social functioning, and moderately limited in concentration, persistence and pace. (Tr. at 23.) She also noted those limitations represented no change from his mental residual capacity found during the processing of the prior application and prior to substantial gainful activity performed in 2001-02. (Tr. at 25.)

The record discloses the moderate limitations noted by the ALJ in her opinion were supported by, and consistent with, the moderate mental limitations noted and more specifically described by a DDS physician in 2000, but not as severe as those found by treating and examining mental health professionals in 2002-2003. Dr. Birdlebough examined Plaintiff in April 2002 and noted a GAF of 45. (Tr. at

1  168.)  Plaintiff, however, does not dispute he was abusing cocaine
2  and alcohol at that time.  Dr. Birdlebough examined Plaintiff again
3  in May and June 2002 and noted an improvement in his psychotic
4  condition, but not the depression.  (Tr. at 164, 165.)  Mental
5  health professionals described marked and moderate limitations in
6  June 2002. (Tr. at 230-231.)  Plaintiff contends these assessments
7  were made after remission of substance abuse; however, Plaintiff was
8  described as "actively addicted" in August 2002 and recommended for
9  inpatient treatment as a condition of GAU benefits.  (Tr. at 255.)
10 There is no evidence such treatment occurred.  Again in September
11 2003, Plaintiff was noted to have episodic use of cocaine (30 grams
12 daily) and in January 2004, had active needle marks.  (Tr. at 301-
13 303.)  Thus, there is no basis with respect to treatment records in
14 2002 to separate the mental limitations from the effects of
15 substance abuse, except to the extent found by the ALJ.

16      The Veteran's Administration awarded Plaintiff a full
17 disability based on his bipolar and post-traumatic stress disorders.
18 (Tr. at 139, 140.)  In *McCartey v. Massanari*, 298 F.3d 1072 (9th Cir.
19 2002), the Ninth Circuit addressed the issue of the weight to be
20 given to a VA disability assessment.  Under *McCartey*, a VA rating of
21 disability will not necessarily compel a finding of disability as to
22 Social Security benefits, 20 C.F.R. § 404.1504, but the ALJ must
23 consider the VA's finding in reaching his decision.  *Id*. at 1076.
24 As noted further:

25      Both programs evaluate **a claimant's ability to perform
        full-time work in the national economy on a sustained and
26      continuing basis**; both focus on analyzing a claimant's
        functional limitations; and both require claimants to
27      present extensive medical documentation in support of
        their claims.  Compare 38 C.F.R. § 4.1 et seq. (VA
28

ORDER GRANTING MOTION TO SUPPLEMENT, DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 7

ratings) with 20 C.F.R. § 404.1 et seq (Social Security Disability).  Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims.  Both are administered by the federal government, and they share a common incentive to weed out meritless claims.  The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.  Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives **persuasive, specific, valid reasons for doing so that are supported by the record.** *See Chambliss* [*v. Massanari*, 269 F.3d 520], at 522 [(5th Cir. 2001)] (ALJ need not give great weight to a VA rating if he "adequately explain[s] the valid reasons for not doing so").

*McCartey,* at 1075 (emphasis added).  Here, the ALJ rejected the VA findings because they were not supported by a rationale and made no reference to Plaintiff's ongoing substance addiction.  (Tr. at 24.) Moreover, the records used to support the VA award involved treatment in July 2001 just prior to Plaintiff re-entering the work force and performing substantial gainful activity for a year.  (Tr. at 140.)  Thus, there was no error as to the ALJ's description of Plaintiff's residual capacity.

Plaintiff also contends the ALJ did not properly reject the opinions of the examining and treating physician with respect to physical impairments.  He contends he was precluded from work due to physical impairments, including chronic low back pain, fatigue, and residual damage to his left hand.  Plaintiff relies on the opinions of treating and examining physicians, including Drs. DeGooyer, emergency room physicians, and Smith.

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989).  If the treating physician's opinions are not

contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.   While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with clear and convincing reasons. *Holohan*, 246 F.3d at 1202-03.   Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support a doctor's report based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

Plaintiff asserts his low back pain flared after a slip and fall in December 2001. (Tr. at 144.) Plaintiff was treated at the emergency room several times in April 2002; there was diffuse

tenderness, no deformity or swelling, no point tenderness, no radiculopathy, good reflexes and normal strength and tone. Plaintiff was able to heel-walk and straight leg raising was negative. Plaintiff was treated conservatively and counseled on exercise and weight loss. (Tr. at 144, 147, 150, 198-99.) Chiropractor DeGooyer assumed Plaintiff's care in May and June 2002. (Tr. at 156.) X-rays revealed subluxation/strain/sprain at T4-T9, L2 and iliac levels. (Tr. at 156.) Dr. DeGooyer noted postural limitations, with guarded prognosis, and inability to work. (Tr. at 259.) Plaintiff was referred to physical therapy, but failed to show up. (Tr. at 153.) No further treatment was provided for back pain. At an examination by the VA in September 2003, the records reflect no complaints about musculoskeletal issues. (Tr. at 309.) Even assuming the one-year durational requirement was met, there is no evidence in light of the limited medical records to contradict the ALJ's conclusion Plaintiff was able to lift twenty pounds occasionally and ten pounds frequently. (Tr. at 25.)

Plaintiff contends the injury to his hand and resulting limitations were not considered by the ALJ. The ALJ noted Plaintiff suffered a stab wound to his left arm on June 13, 2002, and was found to have a partial radial nerve laceration. (Tr. at 21.) The ALJ further noted electrical studies showed that the claimant did not have an obvious nerve lesion and the treating physician opined Plaintiff would be limited for a period of 12 weeks due to the injury. (Tr. at 21.) These findings are supported by the record. (Tr. at 245, 258.) The final recorded note indicated there was some question whether the injury was to the muscle or the nerve. It was

ORDER GRANTING MOTION TO SUPPLEMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 10

recommended Plaintiff be reevaluated in six weeks. (Tr. at 245.) There is no medical record the reassessment occurred. Moreover, during his intake with the VA in September 2003, no mention was made of limited hand or arm function. (Tr. at 301.) Thus, the ALJ's conclusion Plaintiff's hand and arm injury was non-severe is supported by the record.

Finally, Plaintiff contends he suffers from severe fatigue associated with the diagnosis of hepatitis C. He relies on the testimony of his roommate who testified Plaintiff was unable to paint the interior of his home. The medical record reflects Plaintiff complained of fatigue to VA providers in January 2004 and they suggested a trial of B12 supplement. (Tr. at 302.) There are no further medical records to support allegations of excessive fatigue; additionally, the development of fatigue was well beyond the alleged onset date of May 2002. The ALJ noted she considered the roommate's testimony and limited Plaintiff to light work. (Tr. at 25.) There was no error.

2. <u>Analysis of Past Relevant Work</u>

Plaintiff contends the ALJ failed to properly analyze the demands of his past relevant work in light of the mental limitations she found. Relying on SSR 82-62, Plaintiff contends the ALJ failed to analyze the precise description of the particular job duties which would produce tension and anxiety, including the necessity for speed, precision, independent judgment and working with others. Defendant responds Plaintiff failed to meet his burden of demonstrating he was unable to return to past relevant work, noting the ALJ correctly found the job, as performed by Plaintiff in 2001-

ORDER GRANTING MOTION TO SUPPLEMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 11

2002, accommodated his need for non-complex tasks and lack of interaction with the public.

The ALJ found Plaintiff's past relevant work as he performed it did not require lifting more than ten pounds or interaction with the public. (Tr. at 25, 89.)  Plaintiff represented he quit the job because of back pain, but there is no medical evidence to establish disabling musculoskeletal pain in 2003.  Moreover, Plaintiff failed to follow the recommended physical therapy, exercise and weight loss programs, but relied on illegal substances to control his pain. Additionally, there is no evidence Plaintiff's mental condition after May 2002 substantially deteriorated, separate and apart from his continuing use of illegal substances, from the mental limitations which were present while performing substantial gainful activity in 2001-2002.  The court concludes the ALJ did not err. Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion to Supplement **(Ct. Rec. 15) is GRANTED.**

2.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **DENIED.**

3.   Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 20) is GRANTED;** Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

4.   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED March 27, 2006.

                 S/ CYNTHIA IMBROGNO
            UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING MOTION TO SUPPLEMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 12